IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIUELL WILLIAMS, administratrix of the estate of MYRTLE WILLIAMS, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 02-cv-1055-MJR ) |
| TOUCHETTE REGIONAL HOSPITAL, L. GARY, ALFRED JOHNSON, and UNITED STATES OF AMERICA, | ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

On June 18, 2002, Daniuell Williams filed suit in the Illinois Circuit Court in St. Clair County against the above-named Defendants (except the USA) (Doc. 2). On October 3, 2003, Defendants removed the case to this Court pursuant to **28 U.S.C. § 1346(b)(1)**, because the USA is a Defendant (Doc.1). The USA was not originally a Defendant, but pursuant to the Federally Supported Health Care Center Assistance Act, **42 U.S.C. § 233**, the USA was added (Doc. 3) because Defendant Alfred Johnson was certified by the USA as having been in the course of performing her official duties as an employee of the Public Health Service (PHS) at the time in question.

The United States as sovereign is immune from suits brought by its citizens unless it consents to be sued; such a waiver is prerequisite to jurisdiction. ***Kuznitsky v. United States*, 17 F.3d 1029, 1031 (7th Cir. 1994).** In this case, the Federal Tort Claims Act (FTCA), **28 U.S.C. §§**

**1346, 2401(b), 2671-80**, represents a limited waiver of the USA's immunity from suit for certain common-law torts committed by federal employees. But the FTCA requires that a potential Plaintiff exhaust all available administrative remedies before bringing suit. **28 U.S.C. § 2675(a).** In these cases, it is the Plaintiff's burden to establish that all administrative remedies have been exhausted with unsatisfactory results and that thus jurisdiction in a federal district court lies. ***Thomson v. Gaskill*, 315 U.S. 442, 446 (1942);** *W. Transp. Co. v. Couzens Warehouse & Distribs.*, **695 F.2d 1033, 1038 (7th Cir. 1982).** In this case, Plaintiff in still in the process of pursuing administrative remedies.

Initially, the case was stayed until such time as Plaintiff exhausted the available administrative remedies (Doc. 26). The case has been stayed since June 5, 2003 with occasional status reports filed by the parties. Currently it is collecting dust and there is no indication that the case will get moving again at any particular time.

Accordingly, the case is **DISMISSED without prejudice**, and with leave to re-file the case if Plaintiff exhausts all administrative remedies unsatisfactorily.

**IT IS SO ORDERED.**

**DATED this 7th day of March, 2006.**

                                                             **s/Michael J. Reagan**
                                                             **MICHAEL J. REAGAN**
                                                             **United States District Judge**